Filed 11/18/20  Shin v. Chung CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DAVID DONG SHIN, | B301055 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC671510) |
| v. | |
| CHRISTINE H. CHUNG, et al,, | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Daniel E. Park Law Corporation and Daniel E. Park for Defendants and Appellants.

David S. Kim & Associates, David S. Kim and Todd A. Fuson for Plaintiff and Respondent.

## INTRODUCTION

Respondent David Dong Shin sued appellants Christine H. Chung, aka Hyun Im Kim (Christine) and her adult daughter, Michele Y. Chung aka Yon Son Chung (Michele), for violations of the former Uniform Fraudulent Transfer Act (UFTA), former Civil Code, section 3439, et seq.[1]  Shin alleged that Christine fraudulently transferred title of a real property to Michele to avoid collection on a judgment against Christine.  Following a bench trial, the court found in favor of Shin and voided the grant deed and corresponding note.  The Chungs have not challenged that finding on appeal.

Shin then moved for an award of attorney fees under a remedies provision in the UFTA, Civil Code section 3439.07, subdivision (a)(3)(C), which allows a creditor to obtain any type of "relief the circumstances may require," "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure."  The Chungs opposed the motion, but only on the basis that Shin's fee request was inadequately supported by evidence. The court granted the motion and awarded Shin attorney fees of $103,950.00.

The Chungs assert two contentions on appeal. First, they argue that Civil Code section 3439.07, subdivision (a)(3)(C) does not provide a legal basis for an award of attorney fees. The Chungs forfeited this contention by failing to raise it below, and therefore we do not address it. Second, the Chungs contend that

---

[1] Effective January 1, 2016 the UFTA was superseded by the Uniform Voidable Transactions Act with respect to transfers made on or after the effective date. (Civ. Code, § 3439.14, subd. (a).) Because the transactions at issue in this case occurred prior to 2016, the UFTA applies.  All statutory references are to the UFTA in effect at the time of the transfers.

the trial court abused its discretion in awarding fees because the fee award was not supported by sufficient evidence.  We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2017, Shin filed a complaint against the Chungs, alleging that the Chungs engaged in a "fraudulent scheme to prevent [Shin] and other creditors from enforcing valid debts."  Shin asserted that Christine was liable to Shin for a debt of $265,000 plus interest, which had been "upheld by a trial court judgment" in Los Angeles Superior Court case BC561044.

Shin alleged that as part of the Chungs' scheme, in April 2014 Christine transferred to Michele, an unemployed college student, a deed of trust with assignment of rents on a property on Coban Road in La Habra Heights (the Coban property).  The transfer was made without reasonably equivalent consideration, and with the intent to avoid collection on the judgment against Christine.  Shin alleged nine causes of action, including several violations of the UFTA, civil conspiracy, and conversion.  Shin requested compensatory damages, punitive damages, an accounting, a constructive trust, declaratory relief, and attorney fees.

The case proceeded to a bench trial on August 27 and 28, 2018.  Shin's counsel clarified at trial that he was seeking a judgment on only the first cause of action for fraudulent transfer under Civil Code section 3439.04, subdivision (a)(1), and the ninth cause of action for declaratory relief.  The details of the trial are not relevant to this appeal, and therefore are not summarized here.  The court issued a statement of decision stating that Shin proved the Chungs' fraudulent conduct under Civil Code 3439.04, subdivision (a).  The court voided the deed of

trust from Christine to Michele on the Coban property, as well as the note purportedly securing that deed of trust. The court entered a judgment in favor of Shin stating these findings on October 2, 2018. Following a second trial limited to ascertaining the value of the Coban property, the court entered an amended judgment on April 3, 2019, which included an award of costs to Shin.

On June 3, 2019, Shin filed a motion seeking an award of attorney fees in the amount of $158,508.90. He asserted that "[r]easonable attorney fees are permitted under the UFTA" based on Civil Code section 3439.07, subdivision (a)(3)(C) (section 3439.07(a)(3)(C)), which allows a creditor to obtain any type of "relief the circumstances may require," "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure." Shin contended he was entitled to fees of $105,672.60 based on a lodestar calculation, plus a 1.5 multiplier due to the "difficulty" of the case, which included "the behavior of Defendants and their counsel, . . . who was sanctioned twice in this case, and who has still not paid those sanctions," and "extensive discovery [that] was necessary to root out" the Chungs' "lies and deceit."

The Chungs opposed the motion. They asserted that the amount of attorney fees Shin requested was unreasonable and unsupported by evidence. Notably, the Chungs did not contend that Shin was not entitled to attorney fees.

The record on appeal does not include any record of the hearing or the court's order on the motion. On July 29, 2019, the

4

court entered an amended judgment that included an attorney fee award of $103,950.00.[2]  The Chungs timely appealed.

## DISCUSSION

### A.  The Chungs' appellate contentions are forfeited.

The Chungs assert on appeal that Shin is not entitled to attorney fees under the UFTA, because "the statute does not authorize fees as damages."  Shin contends that the Chungs forfeited this argument by failing to assert it in the trial court.  The Chungs did not file a reply brief, and therefore they have not addressed the forfeiture issue in any briefing.

Shin is correct that "[i]t is a well-established tenet of appellate jurisprudence that a litigant may not pursue one line of legal argument in the trial court, and having failed in that approach, pursue a different . . . line of argument on appeal, thus depriving the trial court of the opportunity to consider what the appellant contends on appeal is the real dispute."  (*Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1519.)  The forfeiture rule "applies in all civil and criminal proceedings," and is "designed to advance efficiency and deter gamesmanship."  (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264.)  "Whether an appellate court will entertain a belatedly raised legal issue always rests within the court's discretion."  (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1275.)

Had the Chungs asserted their legal argument below, the trial court could have addressed it in the first instance.  The Chungs have not addressed this failure, nor have they asked this court to exercise its discretion to consider the issue.  A finding of

---

[2]The court later entered another amended judgment, because the July 29, 2019 version omitted the exhibits referenced in the judgment.

5

forfeiture is warranted under the circumstances. We therefore find that the Chungs have forfeited their contention that section 3439.07(a)(3)(C) does not authorize an award of attorney fees.

## B.    The fee award was supported by substantial evidence.

The Chungs also assert on appeal that the trial court abused its discretion in granting Shin's request for attorney fees because the request was not supported by sufficient evidence. They argue that the attorney billing records Shin submitted were so vague "that it is almost impossible for [the Chungs] to figure out the legal work that has been done so as to evaluate whether the fee request is reasonable." The Chungs do not include any record citations in support of this contention.

It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, and an attorney fee award will not be reversed absent an abuse of that discretion. (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095-1096.) The court's judgment is presumed correct and the burden is on the Chungs as appellants to demonstrate, on the basis of the record presented, that the trial court committed an error that justifies reversal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

We find no abuse of discretion here. The record does not support the Chungs' contention that the billing records Shin submitted were too vague to determine what work was done on the case. Although a few time entries included minimal explanations such as "meeting" or "emails," most of the entries included clear, reasonable descriptions of the work performed. The Chungs therefore have not met their burden to demonstrate

6

that the trial court abused its discretion by granting Shin's request for attorney fees.

**DISPOSITION**

The attorney fee award is affirmed.  Shin is entitled to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


 MANELLA, P. J.


CURREY, J.

7